# United States Bankruptcy Court
## Southern District of Georgia

| In re | **Timothy Brian Boggs** | | Case No. | |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | **13** |

## CHAPTER 13 PLAN AND MOTION
[General Order 2005-3 Approved Form]

1.  Debtor(s) shall pay to the Trustee the sum of $ __1,980.00__ for the applicable commitment period of:

☑ 60 months: **or**  (If applicable include the following): These plan payments

☐ a minimum of 36 months. § 1325(b)(4).  change to $____ in month ____.

2.  From the payments so received, the Trustee shall make disbursements as follows:

(a)  The Trustee percentage fee as set by the United States Trustee.

(b)  Attorney fees allowed pursuant to § 507(a)(2) of $ __4,500.00__ to be paid in accordance with applicable General Orders of this Court.

(c)  Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d) ☐   Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

| CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
|---|---|---|
| -NONE- | | |

**IN THE ALTERNATIVE:**

☑ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

| CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|

(e)  Fully Secured Allowed Claims and Executory Contracts as set forth below:

| CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| AmeriCredit/GM Financial | 2014 Chevrolet 1500 20000 miles | $24,166.00 | 5.00% | $490.00 |
| Capital One Auto Finance | 2014 Chevrolet 1500 20000 miles | $21,816.00 | 5.00% | $440.00 |
| Farmers Furniture | HHGS, Furnishings | $4,217.00 | 5.00% | $87.00 |
| Geo Vista | 2010 Chevrolet Colorado 125000 miles | $9,491.00 | 5.00% | $195.00 |
| Geo Vista | 2004 Jeep Wrangler 146000 miles | $10,570.00 | 5.00% | $215.00 |

| CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Gold and Silver Pawn** | **X Mark Lawnmower, 2nd on 2005 Arctic Cat** | **$3,000** | **5.0%** | **$110.00** |
| **IRS** | **Unencumbered property** | **$10,000** | **5.0%** | **$220.00** |

(f)   Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to §506 and provide payment in satisfaction of those claims as set forth below:

| CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Freedom Road Financial** | **2005 Arctic cat 300** | **$2,000.00** | **5.00**% | **$40.00** |

(g)   Cure payments on allowed prepetition arrearage claims set forth below. § 1322(b)(5):

| CREDITOR | ESTIMATED PREPETITION CLAIM |
|---|---|
| **-NONE-** | |

(h)   The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at ____ % ; ☑ without interest.

| CREDITOR | |
|---|---|
| **-NONE-** | |

(i)   Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶2(f) or 6, will be paid a   **0**   % dividend or a prorata share of $   **00.00**   , whichever is greater.

3.   Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors:   ☐ Direct to the Creditor; or   ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **-NONE-** | |

4.   Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

| CREDITOR | ADDRESS |
|---|---|
| **-NONE-** | |

5.   Pursuant to 11 U.S.C. §522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

| CREDITOR | PROPERTY |
|---|---|
| **Farmers Furniture judgement Liberty County Magistrate Court MGCC2016000750** | all property |

6.   The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **-NONE-** | | |

7.   Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8.      Other provisions:

**S Bank paid direct by third party.  Heritage bank paid direct by third party. Provision 5 shall avoid Farmers Furniture judgment but shall not avoid Farmers Furniture's purchase money security interest  in goods sold, this interest shall be redeemed by payment of the secured claim as allowed in provision 2(e).**

9.      The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supersede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

Date  **December  22, 2016**                            Signature   **/s/ Timothy Brian Boggs**

                                                                    **Timothy Brian Boggs**
                                                                    Debtor

*Revised 10/2005*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF GEORGIA**

In the matter of:                                        )
    **Timothy Brian Boggs**                         )      Chapter 13 Case
                                        )
                                        )      Number   **16-41906**
         *Debtor(s)*                                  )

**ORDER ALLOWING DIRECT PLAN PAYMENTS TO TRUSTEE**

      The Chapter 13 Trustee having consented to the Debtor's motion for direct remittance of the plan payments, IT IS HEREBY ORDERED that the Debtor remit to the Chapter 13 Trustee the monthly payment of $   **1,773.00**  .

DATED: _____

                                                             _____
                                                      UNITED STATES BANKRUPTCY JUDGE

Consented to:

_____
                 Chapter 13 Trustee

_____
                         Date

Local Form 2007-2-c
(Rev. 02/07)

Best Case Bankruptcy

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF GEORGIA

| In the matter of: | ) | |
|---|---|---|
| **Timothy Brian Boggs** | ) | Chapter 13 Case |
| | ) | |
| | ) | Number   **16-41906** |
| *Debtor(s)* | ) | |

## MOTION REGARDING CHAPTER 13 PLAN PAYMENTS

The above-captioned Debtor(s) hereby requests that the Chapter 13 plan payments be remitted as indicated by the checked box:

☐ **Wage Withholding.** A completed Order to Commence Withholding is attached. The undersigned Debtor, by submitting the completed Order to Commence Withholding, grants permission to the Court to provide the Debtor's employer with the Debtor's taxpayer identification number for the sole purpose of identifying the Debtor as an employee; or

☑ **Direct Pay.** A completed Order to Allow Direct Plan Payments to Trustee is attached. The Debtor receives income from self-employment, social security, pension or other income from which withholding is not feasible for the following reasons:

**Debtor is self employed.**

(Give name and nature of business and explain why direct payment is necessary.)

DATED:   **December 30, 2016**

**/s/ Timothy Brian Boggs**

**Timothy Brian Boggs**
Debtor

**/s/ John E. Pytte**

**John E. Pytte 590555**
Attorney for Debtor

# United States Bankruptcy Court
## Southern District of Georgia

In re  **Timothy Brian Boggs**

_____  Case No. _____
Debtor(s)                                          Chapter    **13**

## TRANSMITTAL OF PAY ADVICES

The Debtor(s) submit pay advices, as attached to this transmittal, for the sixty (60) day period immediately preceding the filing of the petition as indicated:

1.    Debtor        **Timothy Brian Boggs**

Employer    _____

Dates of Pay Advices:    From    _____    To    _____

Pay Advices are not attached for the sixty (60) days immediately preceding the filing of the Petition because:

☐        The Debtor was not employed.

☐        The Debtor's source of income was from Social Security.

☑        The Debtor was self employed.


2.    Joint Debtor (Spouse)    _____

Employer    _____

Dates of Pay Advices:    From    _____    To    _____

Pay Advices are not attached for the sixty (60) days immediately preceding the filing of the Petition because:

☐        The Joint Debtor was not employed.

☐        The Joint Debtor's source of income was from Social Security.

☐        The Joint Debtor was self employed.


| /s/ John E. Pytte | November 28, 2017 | /s/ Timothy Brian Boggs | November 28, 2017 |
|---|---|---|---|
| Signature of Attorney | Date | Signature of Debtor | Date |
| **John E. Pytte 590555** | | | |
| Name of Attorney | | Signature of Joint Debtor (if any) | Date |

# United States Bankruptcy Court
## Southern District of Georgia

In re    **Timothy Brian Boggs**

Debtor(s)

Case No.    **16-41906**

Chapter    **13**

## CERTIFICATE OF SERVICE

I hereby certify that on  **March 16, 2017** , a copy of    **Amended Schedule A/B**    was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**O. Byron Meredith**
**Chapter 13 Trustee**

**/s/ John E. Pytte**
**John E. Pytte 590555**
**John Pytte**
**P.O. BOX 949**
**Hinesville, GA 31310**
**912-369-3569Fax:912-367-3579**
**johnpytte@jpytte.com**